# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35158

| | | |
|---|---|---|
| IN RE: JOSHUA W. FERDIG; APPLICATION FOR MEDICAL INDIGENCY. | ) ) ) | Boise, January 2009 Term |
| ------------------------------------------------------- | ) | 2009 Opinion No. 26 |
| SAINT ALPHONSUS REGIONAL MEDICAL CENTER, | ) ) ) | Filed: March 4, 2009 |
| Petitioner-Appellant, | ) ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| ADA COUNTY and the BOARD OF COUNTY COMMISSIONERS OF ADA COUNTY, | ) ) ) ) | |
| Respondents. | ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. D. Duff McKee, District Judge.

District court order dismissing petition for review in medical indigency determination, <u>vacated</u>. Case <u>remanded</u> for further proceedings.

Hall, Farley, Oberrecht & Blanton, PA., Boise, for appellant. Phillip Oberrecht argued.

Ada County Prosecuting Attorney's Office, Boise, for respondent. Lynn Norton argued.

---

WALTERS, J. Pro Tem

Saint Alphonsus Regional Medical Center, Ltd. (St. Alphonsus), appeals from the order of the district court dismissing its petition for review of Ada County Board of Commissioners' (the Board) denial of an application for medical indigency assistance. The district court concluded that a provider does not have standing to request judicial review of a board of county commissioners' decision to deny a medical indigency application. We vacate the order of dismissal, and remand this case to the district court for further proceedings.

During the fall of 2007, Joshua Ferdig, a homeless man living in Boise, was twice admitted to St. Alphonsus to receive treatment for a schizoaffective disorder and substance-induced persisting psychotic disorder. Ferdig incurred $26,262.35 in medical expenses for the two periods of treatment at St. Alphonsus. The Ada County Medical Advisor determined that $21,863 of the treatment was medically necessary. Ferdig filed an application for county medical assistance under the Medical Indigency Act, Idaho Code § 31-3501, *et seq*., with Ada County. The Board issued its initial decision to deny medical assistance. St. Alphonsus appealed the initial determination under Idaho Code § 31-3505D.

Ada County conducted a hearing on the appeal and issued its final determination denying Ferdig's medical assistance application. St. Alphonsus timely filed a petition for judicial review of the Board's final determination with the district court. The district court held a hearing on the petition, and later issued its Decision and Order on Appeal dismissing the petition on February 20, 2008. The court ruled that St. Alphonsus lacked standing to seek review of the Board's decision under Idaho Code § 35-3505G, pursuant to the same court's decision in *St. Luke's Regional Medical Center v. Board of County Commissioners of Ada County* No. CV OC 06 20483, which had been entered on January 7, 2008, and appealed to this Court on January 22, 2008, as Docket No. 34953. St. Alphonsus timely appealed to this Court from the order of the district court dismissing its petition for judicial review.

This appeal presents two issues: (1) whether the district court erred in finding St. Alphonsus did not have standing to pursue judicial review of the final determination issued by the Board of Commissioners of Ada County, and (2) whether St. Alphonsus is entitled to attorney fees on appeal under Idaho Code § 12-117.

We have resolved the first question by our opinion in *St. Luke's Regional Medical Center v. Board of County Commissioners of Ada County*, No. 34953 (Idaho March 4, 2009) issued concurrently herewith. In that case we held that the district court erred by dismissing the medical provider's petition for judicial review of the Ada County Board of Commissioners' denial of medical indigency aid to an applicant based on the district court's conclusion that providers lacked standing to seek judicial review under Idaho Code § 31-3505G. With the exception of the claim in this case for attorney fees on appeal, the issue and the arguments presented by the parties are essentially the same in both cases. Therefore, in this case and for the same reasons we expressed in *St. Luke's v. Board of County Commissioners of Ada County*, No.

2

34953 (Idaho March 4, 2009) we hold that the district court erred by concluding that St. Alphonsus lacked standing to seek judicial review under Idaho Code § 31-3505G. Accordingly, the district court's order dismissing St. Alphonsus' petition for judicial review is vacated and the case is remanded for further proceedings.

We turn next to the question of St. Alphonsus' claim under Idaho Code § 12-117 for an award for attorney fees on this appeal. In a civil proceeding that involves a county as an adverse party, a court shall award the prevailing party reasonable attorney fees if it finds the county acted without a reasonable basis in fact or law. I.C. § 12-117(1). Where issues of first impression are raised, attorney fees will not be awarded. *Kootenai Med. Ctr. v. Bonner County Comm'rs*, 141 Idaho 7, 10, 105 P.3d 667, 670 (2004).

St. Alphonsus argues that it is entitled to attorney fees because this Court had previously determined that a provider has standing under the Medical Indigency Act, and therefore Ada County acted without a reasonable basis in law.

While this Court had previously determined the issue of provider standing in *Carpenter v. Twin Falls County*, 107 Idaho 575, 691 P.2d 1190 (1984) and *Intermountain Health Care, Inc. v. Board of County Comm'rs of Blaine County*, 109 Idaho 299, 707 P.2d 410 (1985), that determination took place prior to the 1996 amendments to the Medical Indigency Act. This Court had not previously determined whether its ruling in those cases still applied in light of the 1996 amendments until our ruling today in *St. Luke's Regional Medical Center v. Board of County Commissioners of Ada County*, No. 34953 (Idaho March 4, 2009). Ada County's arguments supporting the district court's decision were based on the 1996 amendments and presented an issue of first impression to this Court. Because the issue of standing presented a question of first impression under the amended statutes, we conclude that Ada County did not act without a reasonable basis in law, and we deny St. Alphonsus' request for attorney fees under Idaho Code § 12-117.

For the foregoing reasons, this Court vacates the order of the district court dismissing St. Alphonsus' petition for judicial review based on the district court's erroneous conclusion that providers lacked standing to seek judicial review under Idaho Code § 31-3505G. This case is remanded to the district court for further proceedings. Costs on appeal, but not attorney fees, are

3

awarded to the appellant.

Justices BURDICK, J. JONES, HORTON and KIDWELL, J. Pro Tem
**CONCUR.**