IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 34426

DENNIS N. WHEELER, )
)
    Petitioner-Appellant, )        Boise, November 2008
)
v. )        2009 Opinion No. 52
)
IDAHO DEPARTMENT OF HEALTH AND )        Filed: April 8, 2009
WELFARE, )
)        Stephen W. Kenyon, Clerk
    Respondent. )
)

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. D. Duff McKee, District Judge.

District court decision affirming suspension of driver's license for failure to pay court ordered child support, affirmed.

Vernon K. Smith, Jr., Boise, argued for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise for respondent. M. Scott Keim, Deputy Attorney General argued for respondent.

---

BURDICK, Justice

## I. NATURE OF THE CASE

This case requires the Court to interpret the Family Law License Suspensions Act (FLLSA), Idaho Code §§ 7-1401 to -1417, as well as the administrative rules governing license suspension proceedings commenced by the Idaho Department of Health and Welfare (Department). Dennis N. Wheeler appeals from the district court's decision affirming a final order issued by the Department suspending Wheeler's driver's license for failure to pay court ordered child support. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2005, Wheeler received notice that the Department, pursuant to its authority under the FLLSA, intended to suspend Wheeler's driver's license for his failure to pay court ordered child support. According to the Department's records, Wheeler owed $22,629.01 in child support obligations for three children under three separate orders, all of which were

1

entered before the FLLSA became went into effect. Wheeler hired private counsel and requested a hearing to contest his license suspension.

The administrative hearing was held on December 14, 2005. During the hearing, the Department presented the financial records from Wheeler's three support cases showing he owed a combined cumulative balance of $20,904.32. Although Wheeler was afforded the opportunity to challenge the Department's findings and/or present evidence to establish "good cause" for why his license should not be suspended, Wheeler chose to do neither. Instead, Wheeler requested the opportunity to submit briefing regarding legal challenges to the FLLSA itself and his request was granted.

Wheeler filed a motion to vacate and dismiss the license suspension proceedings, in which he argued a driver's license was an exempt "property interest" under the FLLSA; the Department's interpretation of "good cause" was unduly restrictive; a judicial proceeding, rather than an administrative hearing, was the proper forum for the enforcement of child support orders under the FLLSA; the FLLSA was applied *ex post facto*; and the Department had improperly instituted license suspension proceedings against him. In addition, Wheeler raised various constitutional challenges to the FLLSA. The hearing officer determined the Department had established that Wheeler owed the unpaid child support and that Wheeler had failed to present any evidence of "good cause" for why his license should not be suspended. The hearing officer also determined that pursuant to IDAPA 16.05.03.131, he neither had the authority to invalidate the Department's rule regarding the definition of "good cause," nor the authority to invalidate any aspect of the FLLSA on constitutional or any other grounds. As such, the hearing officer issued a preliminary order granting the Department's request to suspend Wheeler's driver's license.

Wheeler appealed to the Director of the Department. The Department agreed with the hearing officer that it was beyond the bounds of an administrative proceeding to rule on the Department's authority to suspend Wheeler's driver's license under the FLLSA. As such, the Department affirmed the hearing officer's decision and issued a final order suspending Wheeler's driver's license. Wheeler then sought judicial review and the district court affirmed the Department's order in all respects. Wheeler now appeals the district court's decision.

2

### III. STANDARD OF REVIEW

The Department is treated as an agency for the purposes of judicial review. "This Court reviews the district court directly when it acts as an intermediate appellate court." *Galli v. Idaho County,* 146 Idaho 155, ___, 191 P.3d 233, 236 (2008) (citing *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). In reviewing the district court, we examine the Department's findings to determine if they are supported by substantial and competent evidence. *See id.* "The [C]ourt will not substitute its judgment for that of the [Department] on questions of fact." *Id.*; I.C. § 67-5279(1). The district court must affirm the Department's action, "unless the court determines that the agency's findings, inferences, conclusions or decisions are: "(a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion." I.C. § 67-5279(3). Regardless of whether the Department's action meets the standard set forth in Idaho Code § 67-5279(3), the district court must affirm the Department's action "unless substantial rights of the appellant have been prejudiced." I.C. § 67-5279(4). It is the burden of the party contesting the Department's decision to show how the Department erred in a manner specified under I.C. § 67-5279, and to establish that a substantial right has been prejudiced. *See Druffel v. State, Dept. of Transp.,* 136 Idaho 853, 855, 41 P.3d 739, 741 (2002).

### IV. ANALYSIS

On appeal, Wheeler argues the Department did not have authority to commence license suspension proceedings against him under the FLLSA, and that the FLLSA was applied to all three of his child support orders *ex post facto*. Wheeler also raises various challenges to the FLLSA itself, and to the administrative rules governing license suspension proceedings commenced by the Department, arguing 1) a driver's license is an exempt "property interest" under the FLLSA; 2) the Department's interpretation of "good cause," as set forth in IDAPA 16.03.03.604, is unduly restrictive; 3) the hearing officer is not vested with the proper authority under IDAPA 16.05.03.131; 4) the FLLSA is void for vagueness; and 5) a judicial proceeding is the proper forum for the enforcement of child support orders under the FLLSA. We will first address the issues specific to the facts of Wheeler's case, and then address the general challenges Wheeler makes to the FLLSA and the Department's rules.

**A. Issues specific to the facts of Wheeler's case**

3

1. The Department substantially complied with the requirements under the FLLSA to commence license suspension proceedings against Wheeler.

First, Wheeler asserts the Department did not have authority under the FLLSA to institute license suspension proceedings against him. Wheeler argues that because the Department did not present evidence that it notified the Department of Transportation (DOT) of Wheeler's delinquency and that the DOT failed to take action within 30 days, the Department failed to prove that it met the statutory prerequisites to commence suspension proceedings under I.C. § 7-1404.

Idaho Code § 7-1404, which governs jurisdiction for license suspension proceedings, states in pertinent part:

> *Upon notification by the department [of health and welfare] of a child support delinquency*, a licensing authority shall initiate proceedings to suspend a license in accordance with its statutory process, petition the court, or refer the matter to the department to initiate proceedings for suspension of the license in accordance with the requirements of this chapter. *Upon referral, or if the licensing authority takes no action within thirty (30) days after notification of the delinquency by the department, the department is authorized to commence a license suspension proceeding under this chapter.* The licensing authority shall notify the department of all action taken in response to the notification of the delinquency.

(Emphasis added). In sum, the Department must first notify the DOT of a licensee's child support delinquency, and then wait for the DOT to either not take action within 30 days *or* refer the case to the Department before the Department may commence license suspension proceedings under the FLLSA.

Here, the Department established that it substantially complied with these statutory prerequisites through the affidavit of Kristy White, a policy specialist for the Department. In her affidavit, Ms. White stated: "The Idaho Department of Transportation has referred all of the child support cases which qualify for license suspension to the Department for the initiation of license suspension proceedings." Ms. White's affidavit establishes that the Department met the statutory referral requirement, and thus contrary to Wheeler's assertion, it was unnecessary that the Department also prove the DOT failed to take action within 30 days. It can be reasonably inferred from her affidavit that the DOT waived the statutory prerequisite of notice when it provided a blanket referral of all cases to the Department. The notice requirement merely triggered the DOT's choice as to whether to commence license suspension proceedings itself or to refer the case back to the Department for handling of the suspension proceedings. With the

4

blanket referral in place, it would be superfluous for us to require the Department to continue to notify the DOT of each child support delinquency case before commencing license suspension proceedings against a licensee.  Because we find that the Department substantially complied with I.C. § 7-1404, we uphold the district court's decision to dismiss Wheeler's argument.[1]

2. The constitutional prohibition against *ex post facto* laws does not preclude the application of the FLLSA to Wheeler's child support orders.

Wheeler also argues that because all three of his child support orders were entered before the FLLSA became effective on January 1, 1997,[2] the FLLSA was applied to his orders *ex post facto*.  *Ex post facto* laws are prohibited by article I, section 9, clause 3 of the United States Constitution and by article I, section 16 of the Idaho Constitution.  The *ex post facto* clauses prevent the enactment of "any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed. . . ." *Collins v. Youngblood,* 497 U.S. 37, 42 (1990) (quoting *Beazell v. Ohio,* 269 U.S. 167, 169-70 (1925)).  Thus, the *ex post facto* prohibition only applies to penal and criminal actions, not to civil actions.  *See* 16B Am. Jur. 2d Constitutional Law § 646 (1998).  In order to determine whether a law is penal in nature for purposes of *ex post facto* analysis, this Court must conduct a two-part inquiry.  *See U.S. v. Ward*, 448 U.S. 242, 248 (1980).  First, we determine whether the legislature has indicated, either expressly or impliedly, a preference for the statute to be labeled civil or criminal.  *Id.*  "Second, where [the legislature] has indicated an intention to establish a [civil regulatory scheme], [the court] inquires further whether the statutory scheme [is] so punitive either in purpose or effect as to negate that intention." *Id.* at 248-49.

Here, there is no *ex post facto* violation since the FLLSA does not invoke criminal jurisprudence.  The legislature specifically provided for license suspension under the FLLSA to be a civil remedy, rather than a criminal penalty.  In its statement of intent, the legislature provided: "[We] find[] that the *remedy of suspension of a wide variety of licenses* is needed to increase the effectiveness of enforcement of child support orders . . . ." I.C. § 7-1401 (emphasis added).  We can reasonably infer from this statement that the legislature intended for license

---

[1] Although the district court did not specifically address this argument in its memorandum decision, the district court held that all remaining arguments were either inapposite or without merit.

suspension under the FLLSA to be labeled as a civil remedy rather than a criminal penalty. Furthermore, Wheeler has failed to demonstrate that the effects of license suspension are so punitive so as to override the legislative intent to create a civil, regulatory scheme. Therefore, we find that no *ex post facto* violation occurred in this case.

Even if Wheeler intended to argue that the FLLSA was applied retroactively as prohibited by I.C. § 73-101, his argument still fails. Idaho Code § 73-101 sets forth that no statute, whether criminal or civil in nature, is retroactive unless expressly so declared. "A retrospective or retroactive law is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past." 82 C.J.S. *Statutes* § 407 (1999). "[I]n Idaho, a statute is not applied retroactively unless there is 'clear legislative intent to that effect.'" *Gailey v. Jerome County*, 113 Idaho 430, 432, 745 P.2d 1051, 1053 (1987) (quoting *City of Garden City v. City of Boise,* 104 Idaho 512, 515, 660 P.2d 1355, 1358 (1983)). However, in the absence of an express declaration of legislative intent, a statute, which is remedial or procedural in nature, and which does not create, enlarge, diminish, or destroy contractual or vested rights, is generally held not to be retroactive, even though it was enacted subsequent to the events to which it applies. *Id.* Here, there is no need for us to consider whether the FLLSA is retroactive since Wheeler accrued more than $10,000 in arrearages after the statute was enacted in 1997. Child support arrearages equaling or in excess of the total support owing at least 90 days or $2,000, whichever is less, provide the Department with adequate grounds to initiate license suspension proceedings under I.C. § 7-1404. In other words, a retrospective analysis is inapplicable in this case. Thus, under either an *ex post facto* or a retrospective argument, we uphold the district court's decision to dismiss Wheeler's argument.[3]

**B. General challenges to the FLLSA and its corresponding administrative rules**

1. A driver's license is not an exempt "property interest" under the FLLSA.

On appeal, Wheeler asserts that a driver's license is an exempt "property interest" under the FLLSA. Idaho Code § 7-1402(5), which defines the term "license" under the FLLSA, states:

"License" means a license, certificate, permit or other authorization that:

---

[2] Wheeler's child support orders were entered on March 2, 1995; November 20, 1995; and October 1, 1996.

[3] *See supra* note 1.

(a) Is issued by a licensing authority pursuant to any provision of Idaho Code;

(b) Is subject to suspension, withdrawal, revocation, forfeiture, termination, or an action equivalent to any of these, by the issuing licensing authority; and

(c) A person must obtain to practice or engage in any business, occupation or profession, *operate a motor vehicle*, carry a concealed weapon, or engage in any recreational activity, including hunting or fishing, for which a license or permit is required; and

(d) *Does not constitute a property interest*.

(Emphasis added). Wheeler argues that although a driver's license is specifically listed under the definition of "license" in subsection (c), a driver's license also constitutes a "property interest" and is therefore exempt from suspension under subsection (d). In support of his argument, Wheeler relies on language from *Adams v. City of Pocatello*, 91 Idaho 99, 416 P.2d 46 (1966), in which this Court stated: "The right to operate a motor vehicle upon the public streets and highways is not a mere privilege. It is a right or liberty, the enjoyment of which is protected by the guarantees of the federal and state constitutions." *Adams*, 91 Idaho at 101, 416 P.2d at 48. Wheeler argues that since this Court has held that a driver's license is a "right or liberty," it reasonably follows that a driver's license is also a "property interest" under the FLLSA.

When interpreting a statute, this Court must strive to give force and effect to the legislature's intent in passing the statute. *Davaz v. Priest River Glass Co., Inc.*, 125 Idaho 333, 336, 870 P.2d 1292, 1295 (1994). "It must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole." *McLean v. Maverick Country Stores, Inc.,* 142 Idaho 810, 813, 135 P.3d 756, 759 (2006) (citations omitted). "Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction." *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). However, if the result is "palpably absurd," this Court must engage in statutory construction. *Id.* When engaging in statutory construction, this Court has a "duty to ascertain the legislative intent, and give effect to that intent." *Id.* "[T]he Court must construe a statute as a whole, and consider all sections of applicable statutes together to determine the intent of the legislature." *Davaz*, 125 Idaho at 336, 870 P.2d at 1295 (internal citation omitted). "[The Court] also must take account of all other matters such as the reasonableness of the proposed interpretations and the policy behind the statute." *Id.*

7

Although we have held the power to operate a motor vehicle upon the public streets and highways is a right or liberty that is afforded constitutional protections, we have never specifically recognized that a driver's license is a "property interest" in Idaho. However, even assuming that a driver's license is a "property interest" as Wheeler contends,[4] his argument fails. First, applying the plain meaning of the term "property interest" would render the FLLSA meaningless. The FLLSA provides a licensee with notice of suspension, the right to request a hearing to contest suspension, and the right to an appeal. Thus, it makes no sense that the legislature would specifically provide that a driver's license is subject to suspension under subsection (c), and then turn around and exempt the same in the following subsection as a constitutionally recognized "property interest," especially when the FLLSA already provides due process. Such result would be "palpably absurd." *See Rhode*, 133 Idaho at 462, 988 P.2d at 688.

Under a statutory construction analysis, it is clear that the legislature did not intend for a driver's license to be an exempt "property interest" under the FLLSA. First, the legislature specifically provided that a driver's license is subject to suspension under I.C. § 7-1402(5)(c). It is a basic tenet of statutory construction that the more specific statute or section addressing the issue controls over the statute that is more general. *Marshall v. Dep't of Transp.*, 137 Idaho 337, 341, 48 P.3d 666, 670 (Ct. App. 2002), *Mulder v. Liberty Northwest Ins. Co.,* 135 Idaho 52, 57, 14 P.3d 372, 377 (2000). As such, subsection (c), which specifically provides that a driver's license is subject to suspension, controls over the more general provision of subsection (d), which exempts property interests from suspension. *See id.* Furthermore, the whole purpose of enacting the FLLSA was to increase compliance with child support orders by providing a mechanism for the suspension of certain licenses for the failure to pay child support. *See* I.C. § 7-1401. To promote the FLLSA's effectiveness, the legislature provided that no license as defined under the FLLSA—which specifically includes drivers' licenses under I.C. § 7-1402(5)(c)—would be subject to exclusion. *See id.* Thus, we can reasonably ascertain that the legislature did not intend for a driver's license to be exempt under I.C. § 7-1402(5)(d), especially since driver's license suspension is not only one of the most successful mechanisms for

---

[4] The district court accepted Wheeler's argument that a driver's license is a "property right" in the constitutional sense. However, because we find it unnecessary in this case to determine whether a driver's license is a "property right" under Idaho law, we will not address the district court's finding.

enforcement,[5] but was also one of the main impetuses behind the passage of the FLLSA.[6] Finally, the only references to "property interest" found in the legislative history are only in regard to water right permits, indicating that the legislature was only concerned with licenses, permits, and certificates tied to the ownership, occupation, and use of real property under subsection (d).[7] Therefore, we uphold the district court's determination that a driver's license is not an exempt "property interest" under the FLLSA.

2. <u>Wheeler failed to preserve the issue of "good cause" for appeal</u>.

Wheeler also argues the Department's interpretation of "good cause," as set forth in IDAPA 16.03.03.604, is unduly restrictive. Wheeler argues that a license suspension proceeding under the FLLSA is a quasi-contempt proceeding, and therefore, a hearing officer must find that a licensee willfully disregarded his duty to pay child support before taking away his license. In support of his argument, Wheeler cites to *Butler v. Goff*, 130 Idaho 905, 950 P.2d 1244 (1997). Wheeler argues in that case the Court interpreted Idaho's contempt statute as requiring a court to find an individual in willful disobedience of a court order before holding the individual in contempt. Wheeler argues that since the Department's interpretation of "good cause" under IDAPA 16.03.03.604 fails to recognize many of the non-deliberate reasons for failing to pay court ordered child support, such as the financial inability to pay, the Department's interpretation is contrary to judicial precedent and should be struck down.

Although the district court went on to consider Wheeler's arguments regarding "good cause" below,[8] we find that Wheeler failed to preserve the issue for appeal. Idaho Code § 7-1410(1)(c) requires that evidence of good cause be brought forth at the hearing for license suspension. During his license suspension hearing, Wheeler deliberately chose not to present any evidence establishing any statutory or alleged good cause.[9] Yet, Wheeler appeared to argue

---

[5] Jan. 25, 1996 S. Health & Welfare Comm. Meeting Minutes at 2.
[6] *See Amunrud v. Bd. Of Appeals,* 143 P.3d 571, 572-73 (Wash. 2006).

[7] Jan 25, 1996 S. Health & Welfare Comm. Meeting Minutes at 2; Jan. 27, 1998 H.R. Judiciary, Rules & Admin. Committee Meeting Minutes at 1–2; Feb. 17, 1998 H.R. Judiciary, Rules & Admin. Comm. Meeting Minutes at 1; H.R. Amendment to H.B. No. 409.
[8] Even though the district court went on to address Wheeler's arguments regarding "good cause," but also noted that Wheeler had failed to present any evidence of cause at all, let alone any evidence of "good cause" as defined under IDAPA 16.03.03.604.
[9] Specifically, Wheeler's counsel stated:

9

for the first time on appeal before the district court that his financial inability to pay was his reason for not paying child support. Therefore, we decline to consider the issue of good cause on appeal.

        3. <u>The hearing officer is vested with the proper authority under IDAPA 16.05.03.131</u>.

Wheeler also argues the hearing officer is not vested with the proper authority under IDAPA 16.05.03.131. Wheeler asserts that IDAPA 16.05.03.131 contains conflicting provisions in that a hearing officer is instructed to determine whether the Department's interpretation of the FLLSA is contrary to the statute or constitutes an abuse of discretion, yet the hearing officer is also prohibited from invalidating any statute, rule, regulation, or court order. Wheeler claims that in order for the hearing officer to properly carry out his review function, the officer must have the authority to invalidate statutes, rules, regulations, and court orders. To the extent IDAPA 16.05.03.131 holds otherwise, Wheeler appears to argue the rule should be invalidated.

We find that the hearing officer is vested with the proper authority under IDAPA 16.05.03.131. IDAPA 16.05.03.131 states:

> The hearing officer will consider only information that was available to the Department at the time the decision was made. If appellant shows that there is additional relevant information that was not presented to the Department with good cause, the hearing officer will remand the case to the Department for consideration. *No hearing officer has the jurisdiction or authority to invalidate any federal or state statute, rule, regulation, or court order. The hearing officer must defer to the Department's interpretation of statutes, rules, regulations or policy unless the hearing officer finds the interpretation to be contrary to statute or an abuse of discretion.* The hearing officer will not retain jurisdiction on any matter after it has been remanded to the Department.

Here, Wheeler fails to perceive the difference between the hearing officer reviewing the Department's conduct under existing law versus the hearing officer invalidating the Department's authority to act altogether. Pursuant to IDAPA 16.05.03.131, a hearing officer

---

Well, what I would suggest we do – firstly, I would have no evidence to submit as we do not come within the purview of any or either of the four identified elements of good cause exemption as reflected in the notice of intent to suspend license. It would be one, two, three and four. We recognize we do not come within the subject matter of those four exemptions, but we do feel we may have arguments relative to the statute, its constitutionality and the application of that statute. What we would like to do is to then submit to you our memorandum, our brief which would ask them, ask you to set aside the hearing and to vacate it and to dismiss the proceeding at which time you'd take the matter under advisement and then we would determine whether we wanted to go further forward in that issue, the legal issues raised or if, in fact, Mr. Lee and I would be able to get together and address the matter further on some other resolution.

may determine whether the Department misinterpreted a statute, rule, regulation, or policy, as written; and/or whether the Department exceeded its bounds of discretion under existing law. Neither of these functions requires a hearing officer to invalidate a statute, rule, regulation, or court order; thus, the provisions of IDAPA 16.05.03.131 are consistent. Therefore, we uphold the district court's decision to dismiss Wheeler's argument.[10]

4. Wheeler failed to support his constitutional challenges to the FLLSA with propositions of law or authority and, therefore, we will not consider these issues on appeal.

Wheeler argues that the uncertainty surrounding the terms "property right" and "good cause," coupled with the inconsistencies between the FLLSA and its promulgated administrative rules, renders the FLLSA void for vagueness. It appears that Wheeler's justification for his argument is that this alleged statutory vagueness results in arbitrary enforcement. In addition, Wheeler argues: 1) the FLLSA is unconstitutional because the act does not provide procedural due process; 2) the FLLSA violates the equal protection clause; and 3) license suspension is not rationally related to the FLLSA's intended purpose, which Wheeler asserts is to increase child support collections.[11]

However, we find that the constitutional arguments contained in Wheeler's briefs are both incoherent and unsupported by authority. Idaho Appellate Rule 35, which governs the content of briefs on appeal, requires that "[t]he argument . . . contain the contentions of the appellant with respect to the issues presented on appeal, *the reasons therefor*, *with citations to the authorities*, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6) (emphasis added). Furthermore, this Court has held that issues on appeal that are not supported by propositions of law or authority are deemed waived and will not be considered. *Hall v. Farmers Alliance Mut. Ins. Co.*, 145 Idaho 313, 323, 179 P.3d 276, 286 (2008). As such, we will not consider Wheeler's constitutional challenges to the FLLSA on appeal.

5. Both a judicial proceeding and an administrative hearing are proper forums for the enforcement of child support orders under the FLLSA.

Wheeler also claims that a judicial proceeding, rather than an administrative hearing, is the proper forum for the enforcement of child support orders under the FLLSA. First, Wheeler

---

[10] *See supra* note 1.

[11] The district court held that Wheeler was afforded adequate due process, but dismissed the remainder of Wheeler's constitutional arguments as being either inapposite or without merit.

argues that the legislature anticipated that judicial courts would conduct license suspension proceedings under the FLLSA. However, I.C. § 7-1404 sets forth that the court, the licensing authority (the DOT in this case), and the Department each have jurisdiction to commence licensing suspension under the FLLSA to enforce child support orders, albeit under different circumstances. Thus the legislature clearly intended that all three would conduct license suspension proceedings. As such, we uphold the district court's decision to dismiss Wheeler's argument.

Wheeler also appears to argue that both judicial courts and administrative bodies cannot enforce child support orders because they have different standards of enforcement. The district court considered Wheeler's argument regarding the inconsistency between judicial and administrative enforcement, but determined that it was not persuasive. However, we decline to consider whether there is inconsistent enforcement between the two because Wheeler failed to provide support for his arguments. As set forth above, this Court generally does not consider arguments that are not supported by propositions of law or authority. *See Hall v. Farmers Alliance Mut. Ins. Co.*, 145 Idaho 313, 323, 179 P.3d 276, 286 (2008). Therefore, we will not consider the argument on appeal.

### C. Attorney fees on appeal

The Department argues that it is entitled to attorney fees on appeal under I.C. § 12-117. Idaho Code section 12-117(1) provides as follows:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency . . . , the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

(Emphasis added). In this case, the crux of Wheeler's appeal is the interpretation of the term "property interest" in I.C. § 7-1402(5)(d). This issue has never been addressed by an Idaho appellate court and, therefore, is a matter of first impression. In *Purco Fleet Services, Inc. v. Idaho State Department of Finance*, 140 Idaho 121, 90 P.3d 346 (2004), we denied the Idaho Department of Finance's request for attorney fees on appeal under I.C. § 12-121 since the two central issues on appeal, one being the interpretation of the word "claim" as found in I.C. § 26-2223(2), were issues of first impression. 140 Idaho at 351–52, 90 P.3d at 126–27. The Court stated: "A case of first impression does not constitute an area of settled law; therefore, the request for attorney fees should be denied." *Id.* We find such reasoning to be persuasive in this

case. Although Wheeler failed to comply with the procedures of the Idaho Appellate Rules and some of his arguments were easily resolvable by a plain reading of the FLLSA and the Department's administrative rules, we cannot say that Wheeler acted without a reasonable basis in fact or law when a matter of first impression regarding statutory interpretation is involved, especially in light of the fact that this issue has been raised at least twice before in Idaho at the district court level.[12] Furthermore, this Court recently held in *In re Ferdig*, 2009 WL 532388 at *2 (2009), that where issues of first impression are raised, attorney fees will not be awarded under I.C. § 12-117(1). As such, we deny the Department's request for attorney fees on appeal.

## V. CONCLUSION

We affirm the district court's order affirming the Department's order to suspend Wheeler's driver's license for failing to pay court ordered child support. We deny the Department's request for attorney fees on appeal under I.C. § 12-117. Costs to the Department.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**

---

[12] *See, e.g., Banner v. Banner*, Mem. Decision, Case No. SP OT 98-00296-D (May 21, 1999); *Hoskins v. Idaho Dept. of Health & Welfare*, Mem. Decision & Order, Case No. CV-97-02928 (August 14, 1997).