# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36912

| | | |
|---|---|---|
| PETER HOOVER, individually and a personal representative of the ESTATE OF SHEILA MARIE HOOVER, | ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | Boise, February 2011 Term |
| and | ) ) | 2011 Opinion No. 37 |
| JAMES T. HOOVER, individually and JACOB P. HOOVER, a minor, | ) ) ) | Filed: March 18, 2011 |
| Plaintiffs, | ) ) ) | Stephen Kenyon, Clerk |
| v. | ) ) | |
| ELLEN B. HUNTER, M.D.; ELLEN HUNTER, PLLC, an Idaho professional limited liability corporation; SAINT LUKE'S REGIONAL MEDICAL CENTER; JOHN T. WITTE, M.D., | ) ) ) ) ) ) | |
| Defendants-Respondents. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County, Hon. Richard D. Greenwood, District Judge.

The district court order granting summary judgment is affirmed.

Peter Hoover, Basalt, Colorado, pro se appellant.

Hall, Farley, Oberrecht & Blanton, P.A., Boise, for respondents Ellen B. Hunter, M.D., Ellen B. Hunter, PLLC and John T. Witte, M.D. Keely Duke argued.

Gjording & Fouser, PLLC, Boise, for respondent Saint Luke's Regional Medical Center. Trudy Fouser argued.

_____

HORTON, Justice

This case arises from the death of Mrs. Sheila Hoover (Mrs. Hoover) following complications of an esophagogastroduodenoscopy (EGD) procedure performed at St. Luke's Regional Medical Center (St. Luke's) in Boise. H. Peter Hoover (Mr. Hoover), individually and

- 1 -

as the personal representative of the Estate of Sheila Hoover, James Hoover, and Jacob Hoover (collectively the Hoovers) filed suit against Dr. Ellen Hunter, Ellen Hunter, PLLC, Dr. John Witte, and St. Luke's for medical malpractice. The Hoovers also raised a fraud claim. The district court granted summary judgment in favor of Dr. Hunter, Dr. Witte, and St. Luke's, finding that the Hoovers had failed to comply with the requirements of I.C. §§ 6-1012 and 6-1013 which lay out requirements of expert testimony and the burden of proof in medical malpractice cases. The court further found that the Hoovers' fraud claim was a restatement of their medical malpractice claim and was, therefore, barred. The Hoovers now appeal, arguing that the district court erred in dismissing their claims and that the procedure regarding the filing of the case's disposition and the defendants' Motion for Costs was in error. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2005, Dr. Ellen Hunter performed an EGD on Sheila Hoover at the Endoscopy Lab at St. Luke's in Boise. Dr. Hunter had discussed risks of the EGD and obtained Mrs. Hoover's consent to the procedure. During the procedure, Mrs. Hoover experienced bleeding and suffered a decrease in oxygen levels. Following the procedure, Mrs. Hoover was admitted to St. Luke's Critical Care Unit for monitoring. Dr. John Witte, who had not been involved in the EGD, assumed care of Mrs. Hoover. Over the next four days, Mrs. Hoover did not respond to verbal stimuli and she was transferred to Sunbridge Nursing Facility in McCall, Idaho. Mrs. Hoover died on April 19, 2005.

The Hoovers filed suit on March 27, 2007, alleging medical malpractice that led to Mrs. Hoover's death. The Hoovers also raised a fraud claim, alleging that the defendants failed to accurately disclose Mrs. Hoover's oxygen levels and destroyed records of Mrs. Hoover's medical treatment. On February 21, 2008, the district court entered its Order Governing Proceedings and Setting Trial. That Order required the Hoovers to disclose experts by October 1, 2008. In their Plaintiff Witness Disclosures filing of September 30, 2008, the Hoovers put forward three names of expert witnesses to testify to the defendants' alleged breach of the local standard of care, including one physician in internal medicine (who was also Mrs. Hoover's primary care physician) and two emergency medical technicians (EMTs). Neither this disclosure, nor any of the Hoovers' later disclosures, included any opinions held by these proposed experts. Following an order compelling the Hoovers to fully respond to Drs. Hunter and Witte's discovery requests by February 11, 2009, the Hoovers stated, via letter, that they had

been unable to contact Mrs. Hoover's primary care physician but stated that all of the Hoovers' proposed experts were qualified to testify to emergency medical care. On April, 1, 2009, the Hoovers provided a statement of the proposed experts' educational backgrounds "to the best of my knowledge . . . ." On April 15, 2009, the Hoovers named Mr. Hoover as an additional expert. The Hoovers provided an affidavit from Mr. Hoover asserting that he is an expert based on his EMT training and stating that to the best of his knowledge the standard of care for emergency medicine had not changed and that in Ada County the standard of care mandated basic first aid.

Drs. Witte and Hunter moved for summary judgment and the district court found that the Hoovers had failed to comply with I.C. §§ 6-1012 and 6-1013. The district court further found that the Hoovers' fraud claim was barred as it was a restatement of their original malpractice claim. On June 25, 2009, the district court granted summary judgment and entered judgment. On July 7, Drs. Hunter and Witte filed a Motion for Costs and a Memorandum of Costs. As of the date of the Hoovers' appeal, the district court had not ruled on the Motion for Costs. Following a Motion for Reconsideration, the district court again heard oral argument and denied the motion. The Hoovers now appeal.

## II. STANDARD OF REVIEW

"When reviewing a district court's grant of summary judgment, this Court uses the same standard a district court uses when it rules on a summary judgment motion." *Arreguin v. Farmers Ins. Co. of Idaho*, 145 Idaho 459, 461, 180 P.3d 498, 500 (2008) (citing *Jordan v. Beeks*, 135 Idaho 586, 589, 21 P.3d 908, 911 (2001)). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "If the moving party has demonstrated the absence of a question of material fact, the burden shifts to the nonmoving party to demonstrate an issue of material fact that will preclude summary judgment." *Wattenbarger v. A.G. Edwards & Sons, Inc.*, No. 36245, 2010 WL 5186735 at *5 (Idaho Dec. 23, 2010) (citing I.R.C.P. 56(e)).

"Pro se litigants are held to the same standards and rules as those represented by an attorney." *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003). "Furthermore, this Court has held that issues on appeal that are not supported by propositions of law or authority are deemed waived and will not be considered." *Wheeler v. Idaho Dep't of*

*Health & Welfare*, 147 Idaho 257, 266, 207 P.3d 988, 997 (2009) (citing *Hall v. Farmers Alliance Mut. Ins. Co.*, 145 Idaho 313, 323, 179 P.3d 276, 286 (2008)).

<h3 style="text-align:center">III. ANALYSIS</h3>

The Hoovers list eight different issues on appeal. Of these, three relate to the grant of summary judgment on the medical malpractice claims and are, therefore, treated together. The issues regarding the Hoovers' Motion to Compel, the district court's dismissal of the Hoovers' fraud claim and the timing of the defendants' Motion and Memorandum of Costs are treated in turn, followed by the request for attorney fees on appeal by Drs. Hunter and Witte.

In addition to these issues, the Hoovers have raised two additional issues:

Did the court err when the court did not seek the scope of I.R.C.P.?

Did the court err when the court did not make sure that Plaintiff(s) did receive Civil Disposition entered for: Hunter, Ellen B. MD, Defendant; Hunter, PLLC, Ellen, Defendant; Saint Luke's Regional Medical Center, LTD, Defendant; Witte, John T. MD, Defendant; Estate of Sheila Marie Hoover, Plaintiff; Hoover, Jacob P., Plaintiff; Hoover, James T., Plaintiff; Hoover, Peter, Plaintiff. Filing date: 6/25/2009, and Motion and Memorandum of Cost?

The first is not treated separately as it simply asks the Court to recognize that the Idaho Rules of Civil Procedure are to be liberally construed in favor of reaching the merits of a given case. Idaho Rule of Civil Procedure 1(a) states that "[t]hese rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding" and the Hoovers are correct in that regard. However, the Hoovers make no argument nor cite to any particular ruling by the district court that was in error. Any argument that might have resulted from a more liberal construction of the civil rules is, therefore, waived. *Wheeler*, 147 Idaho at 266, 207 P.3d at 997. Likewise, beyond the issue statement quoted above regarding the Hoovers' receipt of the Judgment and motion for costs, the Hoovers have not included any argument nor any citations to support their statement. Because this issue lacks argument and authority, it is not treated further.

**A.     The district court properly dismissed the Hoovers' medical malpractice claims for failing to comply with I.C. §§ 6-1012 and 6-1013.**

Idaho law mandates a heightened burden of proof for individuals alleging negligent medical treatment. Idaho Code § 6-1013 requires that, in order to avoid summary judgment in a medical malpractice case, the plaintiff must put forward expert testimony "indicating that the defendant health care provider negligently failed to meet the applicable standard of health care

practice." *Dulaney v. St. Alphonsus Reg'l Med. Ctr.*, 137 Idaho 160, 164, 45 P.3d 816, 820 (2002). The statute requires that the plaintiff show:

> (a) that such an opinion is actually held by the expert witness, (b) that the said opinion can be testified to with reasonable medical certainty, and (c) that such expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable said community standard to which his or her expert opinion testimony is addressed . . . .

I.C. § 6-1013.

Idaho Code § 6-1012 defines the standard for showing a breach of the standard of medical care. The standard requires:

> (a) the standard of care for the class of health care provider to which the defendant belonged and was functioning, taking into account the defendant's training, experience, and fields of medical specialization, if any; (b) as such standard existed at the time of the defendant's alleged negligence; and (c) as such standard existed at the place of the defendant's alleged negligence.

*Dulaney*, 137 Idaho at 164, 45 P.3d at 820 (internal citations omitted). Section 6-1012 applies to "any case, claim or action for damages due to injury to or death of any person, brought against any physician and surgeon or other provider of health care, . . . on account of the provision of or failure to provide health care or on account of any matter incidental or related thereto . . . ."

The district court found that the Hoovers had failed to comply with the requirements of I.C. § 6-1013 by providing only one expert witness, Mr. Hoover himself, who sought to argue that, as a licensed EMT, he was competent to testify to the standard of care in an emergency situation.[1] Even assuming that an EMT were competent to testify to the standard of care of a gastroenterologist in a medical emergency situation, the district court concluded that Mr. Hoover had not adequately alleged familiarity with the local standard of care. We agree.

The Hoovers argue that because Mrs. Hoover's medical treatment was an emergency, the standard of care was an international one that does not vary from community to community such that Mr. Hoover was competent to testify. This Court has previously stated that a national standard of care may be the basis of competent medical testimony. "An expert's review of a deposition stating that the local standard does not vary from the national standard, coupled with the expert's personal knowledge of the national standard, is sufficient to lay a foundation for the expert's opinion." *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 51, 995 P.2d 816, 821

---

[1] The Hoovers had previously submitted the names of three other expert witnesses but, as noted above, no opinions were ever provided for these witnesses nor did the Hoovers provide evidence that they were familiar with the applicable standard of care.

- 5 -

(2000). However, beyond conclusory statements that the standard of care was identical, there was no showing that Mr. Hoover had familiarized himself with the local standard of care in Ada County at the time of the procedure. Mr. Hoover's affidavit states that it is "to the best of [his] knowledge" that the standard of care has not changed since June 2002 (when he retired from the Ketchum Fire Department). Beyond that, Mr. Hoover makes no statement that he was familiar with the local standard in Ada County, alleging merely that basic first aid was mandated. These statements, without more, do not show that Mr. Hoover was versed in the standard of care for an emergency arising within an EGD procedure. Similarly, these statements do not provide a basis for concluding that the standard of emergency care would have been a single national standard that did not vary from procedure to procedure. We therefore find that the district court properly found that Mr. Hoover's testimony did not meet the standards laid out in I.C. §§ 6-1012 and 6-1013 and that summary judgment was warranted.

**B.      The district court properly dismissed the Hoovers' fraud claim.**

The Hoovers argue that the district court erred in dismissing their claim for fraud. They argue that they have shown issues of material fact that would preclude summary judgment on the fraud claim. The Hoovers' fraud claim is premised on a series of alleged misrepresentations that occurred both before and after Mrs. Hoover's death. Despite the Hoovers' acknowledgement that I.R.C.P. 9(b) required that their claim of fraud be pled with particularity, their claimed damages relate only to Mrs. Hoover's death. The district court ruled that

> the gravamen of the claim, is an action for the wrongful death of Mrs. Hoover. . . . . [So that] if it is their misconduct, their failure to do what they should have done that leads to your damages, it is an action in malpractice, . . . and we will treat it as a malpractice action, [a] negligence action.

The district court was correct in this regard.

First, I.C. § 6-1012 applies to "any case, claim or action for damages due to injury to or death of any person, brought against any physician and surgeon or other provider of health care, . . . on account of the provision of or failure to provide health care . . . ." "The language of the statute clearly treats the provision of health care as a single act and not a series of steps, each of which must be analyzed to determine if it involved professional judgment." *Hough v. Fry*, 131 Idaho 230, 233, 953 P.2d 980, 983 (1998). Because the claimed injuries were due to the provision or failure to provide health care, I.C. § 6-1012 applies. Similarly, the district court relied on this Court's holding that an action in contract would not lie because it was

fundamentally a question of whether a "wrongful act or omission occurred in the course of performing professional services" and therefore a question of malpractice. *Lapham v. Stewart*, 137 Idaho 582, 588-89, 51 P.3d 396, 402-03 (2002). The fraud claim is an action based upon Mrs. Hoover's death according to the Hoovers' complaint which states that the injury that resulted was Mrs. Hoover's death and thus I.C. § 6-1012 applies. The fact that the particular action is based in fraud does not change the requirements put forward by the statute. Because the district court properly granted summary judgment in favor of St. Luke's, Dr. Hunter, and Dr. Witte for the malpractice claim, it likewise properly granted summary judgment as to the Hoovers' fraud claim. We therefore find that the district court did not err in granting summary judgment on the Hoovers' fraud claim.

**C.     We do not reach the question of the Hoovers' motion to compel.**

The Hoovers challenge the district court's failure to hear and rule on their motion to compel before ruling on the summary judgment motion. As Drs. Hunter and Witte note, at the summary judgment hearing, Mr. Hoover stated that the failure to notice the motion "is apparently my error for which I take responsibility." "A litigant may not remain silent as to claimed error during a trial and later urge his objections thereto for the first time on appeal." *Hoppe v. McDonald*, 103 Idaho 33, 35, 644 P.2d 355, 357 (1982). Because no objection was raised to the decision of the district court, that issue has not been preserved for appeal. *See also Kuhn v. Coldwell Banker Landmark, Inc.*, --- P.3d ----, 2010 WL 5186683 at *8 (Idaho 2010) (declining to address challenge on appeal where no objection was raised before the district court).

**D.     The Hoovers' appeal of the defendants' motion for costs is not properly before this Court.**

The Hoovers list, among their issues: Did the court err when the court accepted Motion or Memorandum of Cost [sic] by the Defendants that did not conformed [sic] to I.R.C.P. 6(e)(1) and I.R.C.P. 54(d) et seq? 14 days? [sic]" "This Court does not review an alleged error on appeal unless the record discloses an adverse ruling forming the basis for the assignment of error." *Ada Cnty. Highway Dist. v. Total Success Invs., LLC*, 145 Idaho 360, 368-69, 179 P.3d 323, 331-32 (2008). The record does not disclose any objection by the Hoovers to the Motion for Costs within fourteen days following the Motion as required by I.R.C.P. 54(d)(6). Nor does the record disclose any ruling by the district court whatsoever on the motion for costs. As there is no adverse ruling and because the Hoovers have waived the issue by failing to object within fourteen days, this issue is not properly before the Court.

**E.**     **We decline to award attorney fees on appeal under I.C. § 12-121.**

Drs. Witte and Hunter request attorney fees on appeal under I.C. § 12-121.

An award of attorney fees under Idaho Code § 12-121 is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation.

*Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009) (citing *McGrew v. McGrew*, 139 Idaho 551, 562, 82 P.3d 833, 844 (2003)).  While it is a close case, we decline to award attorney fees as we are unable to conclude that this appeal was pursued wholly frivolously, unreasonably, or without merit.

## IV. CONCLUSION

We affirm the district court's summary judgment in favor of St. Luke's, Dr. Hunter, and Dr. Witte.  We deny Drs. Hunter and Witte's request for attorney fees on appeal.  Costs to St. Lukes and Drs. Hunter and Witte.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.