## IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37178-2009

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

JOHN ALBERT HARDWICK,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, February 2011 Term

2011 Opinion No. 31

Filed: March 17, 2011

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Timothy L. Hansen, District Judge.

The order of the district court is affirmed.

Merris, Naugle, & Herndon, PLLC, Boise, for appellant. J. D. Merris argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

EISMANN, Chief Justice.

Defendant's motion for the withdrawal of his guilty plea and dismissal of his case was denied based on legislation enacted after he had committed his crime. He appealed, alleging that such legislation constituted an ex post facto law in violation of the State and Federal Constitutions. We hold that the legislation was not punitive and affirm the district court.

## I. FACTS AND PROCEDURAL HISTORY

On June 15, 2004, John Albert Hardwick (Defendant) committed the crime of enticing children over the internet, a felony in violation of Idaho Code § 18-1509A. He pled guilty to that offense, and on February 23, 2005, he was granted a withheld judgment and placed on supervised probation for five years. One consequence of his guilty plea was that Defendant was required to register as a sex offender. Idaho Code § 18-8304(1)(a).

When he committed the crime, Idaho Code § 19-2604(1) provided him with an opportunity to request that he be permitted to withdraw his plea of guilty and to have the case dismissed. The trial court had the discretion to do so if Defendant had "at all times complied with the terms and conditions upon which he was placed on probation" and the trial court found that "there was no longer cause for continuing the period of probation" and doing so was "compatible with the public interest."

Effective July 1, 2006, Idaho Code § 19-2604 was amended to provide that "any offense requiring sex offender registration as set forth in section 18-8304, Idaho Code, shall not be subject to dismissal or reduction under this section." Ch. 157, § 1, 2006 Idaho Sess. Laws 473, 473. On May 5, 2008, Defendant's probation was amended to unsupervised probation, with all other terms and conditions of probation remaining in effect.

On July 1, 2009, Defendant moved to terminate his probation, to withdraw his guilty plea, and to have the case dismissed. The district court denied the motion based upon the 2006 amendment. It held that such amendment did not violate the ex post facto clauses of either the State or Federal Constitutions. Defendant then timely appealed.

## II. ANALYSIS

The only issue in this appeal is whether applying the 2006 amendment to Defendant violates the ex post facto clauses of the State and Federal Constitutions. "*Ex post facto* laws are prohibited by article I, section 9, clause 3 of the United States Constitution and by article I, section 16 of the Idaho Constitution." *Wheeler v. Idaho Dept. of Health and Welfare*, 147 Idaho 257, 262, 207 P.3d 988, 993 (2009) (italics in original). Both clauses prohibit statutes that make "more burdensome the punishment for a crime, after its commission." *Id*.

When Defendant committed his offense, Idaho Code § 19-2604(1) provided:

> If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant . . . .

2

In 2006, subsection (3) of the statute was amended to provide, "A judgment of conviction for a violation of any offense requiring sex offender registration as set forth in section 18-8304, Idaho Code, shall not be subject to dismissal or reduction under this section." Ch. 157, § 1, 2006 Idaho Sess. Laws 473, 473. The amendment defined a conviction as meaning that "the person has pled guilty or has been found guilty, notwithstanding the form of the judgment or withheld judgment." *Id.*

Defendant contends that the amendment increased the punishment for his crime. He states in his brief that he "has lost the ability to have a felony erased from his record and his civil rights restored."

Removing the felony from Defendant's record would constitute "expungement." *State v. Parkinson*, 144 Idaho 825, 827, 172 P.3d 1100, 1102 (2007) ("'Expungement of record' is the removal of a conviction from a person's criminal record."). Idaho Code § 18-2604(1) "does not require or authorize the complete expungement of all records and references to the charge. . . . A conviction is not entirely erased." *Id.* at 828, 172 P.3d at 1103. Prior to the amendment, Defendant could not have the felony erased from his record. Therefore, the amendment did not take away that ability.

Likewise, he has not lost the ability to have his civil rights restored. A final dismissal under Idaho Code § 19-2604(1) would have the effect "of restoring the defendant to his civil rights." Satisfactory completion of probation would also restore Defendant to his full rights of citizenship by operation of law. Idaho Code § 18-310(2).[1] During oral argument, Defendant admitted that he has satisfactorily completed his probation and has been restored to his civil rights. He then asserted that the amendment prevented him from regaining his right to possess a firearm under federal law.

"Under federal law, a person convicted of a crime punishable by more than one year in prison may not possess any firearm." *Caron v. United States*, 524 U.S. 308, 309 (1998) (citing 18 U.S.C. § 922(g)(1)). The crime for which Defendant was convicted was punishable by "imprisonment in the state prison for a period not to exceed fifteen (15) years." Idaho Code § 18-1509A. However, a conviction for which a person has had his civil rights restored under the

---

[1] Under the statute, full rights of citizenship are not restored for persons convicted of "treason or those offenses enumerated in paragraphs (a) through (jj) in [Idaho Code § 18-310(2)]." A violation of Idaho Code § 18-1509A is not one of the enumerated offenses.

law of the convicting jurisdiction is not considered a conviction for the purposes of this federal law. *Id.*; 18 U.S.C. § 921(a)(20).[2] However, we need not decide whether Defendant can lawfully possess a firearm under federal law because he did not raise this issue below. "This Court will not consider issues raised for the first time on appeal …." *Houston v. Whittier*, 147 Idaho 900, 911, 216 P.3d 1272, 1283 (2009).

Defendant also contends that the purpose of the 2006 amendment was punitive, even though he cannot identify any consequence of the amendment that would constitute a punishment. Because of his felony conviction, Defendant was required to register as a sex offender. Idaho Code § 18-8304(1)(a). The Sex Offender Registration Notification and Community Right-to-Know Act was enacted in 1998. Ch. 411, § 2, 1998 Idaho Sess. Laws 1275, 1276. The legislative findings supporting the Act were declared in Idaho Code § 18-8302 as follows:

> The legislature finds that sexual offenders present a significant risk of reoffense and that efforts of law enforcement agencies to protect their communities, conduct investigations and quickly apprehend offenders who commit sexual offenses are impaired by the lack of current information available about individuals who have been convicted of sexual offenses who live within their jurisdiction. The legislature further finds that providing public access to certain information about convicted sexual offenders assists parents in the protection of their children. Such access further provides a means for organizations that work with youth or other vulnerable populations to prevent sexual offenders from threatening those served by the organizations. Finally, public access assists the community in being observant of convicted sexual offenders in order to prevent them from recommitting sexual crimes. Therefore, this state's policy is to assist efforts of local law enforcement agencies to protect communities by requiring sexual offenders to register with local law enforcement agencies and to make certain information about sexual offenders available to the public as provided in this chapter.

---

[2] The federal statute provides, "Any conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). The statute which restored Defendant's civil rights did not expressly limit his right to ship, transport, possess, or receive firearms. Idaho Code § 18-310(2).

4

None of those findings indicated that the Act was intended to further punish sexual offenders, and in *Ray v. State*, 133 Idaho 96, 100, 982 P.2d 931, 935 (1999), we held that "[t]he purpose of Idaho's registration statute is not punitive, but remedial."

The requirement to register as a sexual offender applies to "any person who . . . is convicted of the crime . . . provided for in section . . . 18-1509A (enticing a child over the internet) . . . ." Idaho Code § 18-8304(1)(a). The statute further provides that a conviction "means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment or withheld judgment." Idaho Code § 18-8304(3). Prior to the 2006 amendment, there would be an issue as to whether a defendant required to register under Idaho Code § 18-8304(1)(a) would still be required to register if the court set aside the defendant's plea of guilty and dismissed the case pursuant to Idaho Code § 19-2604(1).[3] The defendant would have pled guilty to a crime requiring registration, but the guilty plea would later have been set aside for a reason other than the validity of the plea. The obvious reason for the amendment was to eliminate that issue in order to maintain the legislature's purpose for enacting the sexual offender registration requirement. The 2006 amendment was nonpunitive, and therefore it is not an ex post facto law. *Smith v. Doe*, 538 U.S. 84, 105-06 (2003).

### III. CONCLUSION

We affirm the order of the district court denying Defendant's motion to withdraw his guilty plea and have his case dismissed.

Justices BURDICK, J. JONES, W. JONES, and J. Pro Tem TROUT **CONCUR**.

---

[3] The Defendant has not argued that his duty to register would have ceased had the district court granted his motion to set aside his guilty plea and dismiss the case.