## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 37851

| | |
|---|---|
| STATE OF IDAHO, | ) Boise, December 2011 Term |
| | ) |
| Plaintiff-Appellant, | ) 2012 Opinion No. 61 |
| | ) |
| v. | ) Filed: April 11, 2012 |
| | ) |
| LONNIE RAY FORBES, | ) Stephen W. Kenyon, Clerk |
| | ) |
| Defendant-Respondent. | ) **THIS IS A SUBSTITUTE OPINION.** |
| | ) **THE COURT'S PRIOR OPINION** |
| | ) **DATED JANUARY 10, 2012 IS** |
| _____ | ) **HEREBY WITHDRAWN.** |

Appeal from the District Court of the Fourth Judicial District of the
State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

The decision of the district court is reversed.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for appellant.

Molly J. Huskey, Idaho Appellate Public Defender, Boise, for
respondent.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

This case considers whether retroactive application of an amendment to I.C. § 19-2604(3) ("the amendment"), which prohibits dismissal of offenses requiring sex offender registration, violates the ex post facto clauses of the United States Constitution and the Idaho Constitution ("the ex post facto clauses"). Because this Court has previously addressed this issue in *State v. Hardwick*, 150 Idaho 580, 249 P.3d 379 (2011), the district court erred in holding that retroactive application of the amendment violated the ex post facto clauses.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2003, Lonnie Forbes pleaded guilty to the crime of Attempted Lewd Conduct with a Minor Child Under Sixteen Years of Age, a felony in violation of I.C. § 18-1508.

1

The district court withheld judgment on March 31, 2003, and placed Forbes on probation for a period of seven years. As a result of his plea, Forbes is required to register as a sex offender under I.C. § 18-8304(1)(a).

When Forbes committed the crime, I.C. § 19-2604(1) permitted Forbes to request that he be allowed to withdraw his plea of guilty and to have the case dismissed.[1] The district court was afforded the discretion to grant Forbes's request so long as it determined that "at all times [Forbes] complied with the terms and conditions upon which he was placed on probation." I.C. § 19-2604(1). The district court was also required to determine that "there [was] no longer cause for continuing the period of probation" and doing so was "compatible with the public interest." *Id.*

On July 1, 2006, I.C. § 19-2604(3) was amended to provide that "[a] judgment of conviction for a violation of any offense requiring sex offender registration as set forth in section 18-8304, Idaho Code, shall not be subject to dismissal or reduction under this section." Ch. 157, § 1, 2006 Idaho Sess. Laws 473, 473. According to the amendment, a conviction means that "the person has pled guilty or has been found guilty, notwithstanding the form of the judgment or withheld judgment." *Id.*

On July 21, 2007, Forbes's probation was amended to unsupervised probation, with all other terms and conditions of probation remaining in effect. On April 21, 2010, after Forbes completed all the requirements of his withheld judgment, he moved to set aside his plea of guilty, pursuant to the withheld judgment, in order to have the charge dismissed and to restore his civil rights under I.C. § 19-2604(1). The State opposed Forbes's Motion to Dismiss, asserting that the amendment barred the relief Forbes sought. On June 23, 2010, the district court entered its Order granting Forbes's Motion to Dismiss, holding that I.C. § 19-2604 is an unlawful ex post facto law as applied to Forbes. As a result, the district court applied the version of I.C. § 19-2604 in effect at the time of the commission of the crime and the entry of the withheld judgment, which permitted the dismissal of Forbes's plea. The State timely filed its Notice of Appeal on July 6, 2010.

---

[1] When Forbes committed his offense, I.C. § 19-2604(1) provided:

> If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant . . . .

**1.** Whether the amendment applies retroactively to Forbes?

**2.** Whether retroactive application of the amendment violates the ex post facto clauses of the United States Constitution and the Idaho Constitution?

## IV. Standard of Review

"Constitutional issues are purely questions of law over which this Court exercises free review." *Meisner v. Potlatch Corp.*, 131 Idaho 258, 260, 954 P.2d 676, 678 (1998). This Court also freely reviews issues of statutory interpretation. *Big Sky Paramedics, LLC v. Sagle Fire Dist.*, 140 Idaho 435, 436, 95 P.3d 53, 54 (2004). "When [this] Court must engage in statutory construction, it has the duty to ascertain the legislative intent, and give effect to that intent." *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). "To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history." *Id.*

## V. ANALYSIS

### A. The Amendment Applies Retroactively to Forbes

Forbes contends that the amendment does not apply to him because it contains no express language suggesting that it is retroactive and because the State has waived this issue by not separately addressing it in its opening brief. For the former proposition, Forbes cites I.C. § 73-101, which states, "[n]o part of these complied laws is retroactive, unless expressly so declared." The State contends that the amendment does apply to Forbes because it is not an ex post facto law.

*Hardwick* has already addressed the issue of whether the amendment is retroactive, holding that the Legislature, by implication, intended the amendment to apply to offenders who have already been granted a withheld judgment. *Hardwick*, 150 Idaho at 582–83, 249 P.3d at 381–82. Furthermore, the relevant language in the amendment provides: "A judgment of conviction for a violation of any offense requiring sex offender registration as set forth in section 18-8304, Idaho Code, shall not be subject to dismissal or reduction under this section." Ch. 157, § 1, 2006 Idaho Sess. Laws 473, 473. According to the amendment, a conviction means that "the person has pled guilty or has been found guilty, notwithstanding the form of the judgment or withheld judgment." *Id.* Thus, in light of *Hardwick*, the amendment clearly applies to Forbes, who was subject to a withheld judgment after he pleaded guilty to an offense requiring sex offender registration.

The State argued that the amendment applied retroactively to Forbes, even though it did not directly devote a section in its opening brief to this issue, as Forbes would have preferred. In addressing the issue whether the amendment violates the ex post facto clause, Forbes was surely put on notice of the State's argument that the amendment was retroactive in application because the issues are intrinsically connected. Thus, the State has addressed this issue. Furthermore, this issue did not need to be addressed because this Court has already determined in *Hardwick* that the amendment applies retroactively.

**B.      Retroactive Application of the Amendment Does Not Violate the Ex Post Facto Clauses of the United States Constitution and the Idaho Constitution**

The State contends that the amendment does not violate the ex post facto clauses because it is administrative or regulatory. Forbes contends that the amendment is punitive and thus violates the ex post facto clauses because it results in the entry of an actual judgment of conviction. In this vein, Forbes contends that the amendment transforms his withheld judgment, which he contends is akin to probation, into a criminal sentence.

"Ex post facto laws are prohibited by article I, section 9, clause 3 of the United States Constitution and by article I, section 16 of the Idaho Constitution." *Hardwick*, 150 Idaho at 581, 249 P.3d at 380 (quoting *Wheeler v. Idaho Dept. of Health and Welfare*, 147 Idaho 257, 262, 207 P.3d 988, 993 (2009)). The ex post facto clauses prevent the enactment of "any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed . . . ." *Wheeler*, 147 Idaho at 262, 207 P.3d at 993 (quoting *Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 70 (1925)).

This Court has already addressed this issue in *Hardwick*, 150 Idaho 581–83, 249 P.3d at 380–82, holding that retroactive application of the amendment was not punitive, and, therefore, not an ex post facto law because it effectuated the Legislature's non-punitive purpose for enacting the Sex Offender Registration Notification and Community Right–to–Know Act, which was "to protect communities by requiring sexual offenders to register with local law enforcement agencies, [regardless if they were previously subject to a withheld judgment], and to make certain information about sexual offenders available to the public . . . ."[2]  Ch. 411, § 2, 1998

---

[2] The Legislature's purposes for requiring sex offender registration were declared in I.C. § 18-8302 as follows:

> The legislature finds that sexual offenders present a significant risk of reoffense and that efforts of law enforcement agencies to protect their communities, conduct investigations and quickly apprehend

Idaho Sess. Laws 1275, 1276. Where this Court has previously interpreted a statute, "the rule of stare decisis dictates that [this Court] follow [controlling precedent] . . . , unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990). Because *Hardwick* was decided after the district court rendered its decision in this case, the district court addressed this issue without the benefit of *Hardwick*.

Furthermore, although *Hardwick* was pending when Forbes submitted Respondent's Brief on January 31, 2011, the State asserted in Appellant's Brief, which was filed on September 27, 2010, that *Hardwick* raised these same issues on appeal. After *Hardwick* was released on March 17, 2011, the State discussed *Hardwick* in Appellant's Reply Brief, which was filed on March 28, 2011. For the last nine months, Forbes has not asked for an opportunity to provide additional briefing on appeal to distinguish *Hardwick*.

As a result of his seemingly careless indifference to the State's briefs on appeal and this Court's holding in *Hardwick*, Forbes does not point to any other criminal or punitive consequence of lifetime sex offender registration than what was discussed in *Hardwick*. As this Court noted in *Hardwick*, the amendment does not take away Forbes's right to seek an expungement of his conviction because that right did not exist prior to the amendment. *See* 150 Idaho at 582, 249 P.3d at 381. Furthermore, "[a] final dismissal under Idaho Code § 19-2604(1) would have the effect 'of restoring [Forbes] to his civil rights.'" *Id.* (quoting I.C. § 19-2604(1)). "Satisfactory completion of probation would also restore [Forbes] to his full rights of citizenship by operation of law." *Id.* (citing I.C. § 18-310(2)). As this Court held in *Hardwick*, the amendment's non-punitive purpose is supported by the Legislature's decision not to eliminate these rights. Therefore, because Forbes has not provided argument or authority distinguishing *Hardwick*, this Court will continue to hold in accordance with its prior precedent.

## VI. CONCLUSION

---

offenders who commit sexual offenses are impaired by the lack of current information available about individuals who have been convicted of sexual offenses who live within their jurisdiction. The legislature further finds that providing public access to certain information about convicted sexual offenders assists parents in the protection of their children. Such access further provides a means for organizations that work with youth or other vulnerable populations to prevent sexual offenders from threatening those served by the organizations. Finally, public access assists the community in being observant of convicted sexual offenders in order to prevent them from recommitting sexual crimes. Therefore, this state's policy is to assist efforts of local law enforcement agencies to protect communities by requiring sexual offenders to register with local law enforcement agencies and to make certain information about sexual offenders available to the public as provided in this chapter.

5

Because this Court has previously addressed these issues in *Hardwick*, the district court erred in holding that retroactive application of amended I.C. § 19-2604 violated the ex post facto clauses of the United States Constitution and Idaho Constitution. Therefore, the decision of the district court is vacated and this case is remanded for further proceedings in accordance with this Opinion.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.