**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39566**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 759 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 14, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEITH DUANE CUNNINGHAM, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying motion to dismiss withheld judgment, affirmed; order denying motion to reconsider, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Keith Duane Cunningham appeals from the district court's orders denying his motion to dismiss his withheld judgment and denying his motion to reconsider.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Cunningham pled guilty to statutory rape. In 2002, the district court granted a withheld judgment and ordered Cunningham to seven years of probation. In 2011, Cunningham filed a motion to dismiss his withheld judgment, specifically noting he had complied with the terms of his probation and that it would be in the best interest of society if the case was dismissed. After a hearing, the district court denied the motion. Cunningham subsequently filed a motion to reconsider, which the district court also denied. Cunningham appeals.

1

## II.

## ANALYSIS

Where a withheld judgment has been granted, the district court has discretion to dismiss the case and discharge the defendant. Idaho Code § 19-2604; *State v. Wiedmeier*, 121 Idaho 189, 191, 824 P.2d 120, 122 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a three-prong inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). A motion for reconsideration is reviewed under the same abuse of discretion standard. *State v. Montague*, 114 Idaho 319, 320, 756 P.2d 1083, 1084 (Ct. App. 1988).

In his appeal, Cunningham concedes that under current law, "any offense requiring sex offender registration as set forth in section 18-8304, Idaho Code, shall not be subject to dismissal or reduction . . . ." I.C. § 19-2604. Statutory rape, a violation of Idaho Code § 18-6101, is an offense that requires sex offender registration under section 18-8304. When Cunningham pled guilty to statutory rape in 2001, section 19-2604(1) did not preclude him from applying for dismissal of his withheld judgment. The trial court had discretion to grant dismissal upon a satisfactory showing the defendant had "at all times complied with the terms and conditions upon which he was placed on probation" and upon the trial court's findings that there was "no longer cause for continuing the period of probation" and that granting dismissal was "compatible with the public interest." I.C. § 19-2604 (2001) (amended 2006). In July 2006, section 19-2604 was amended to preclude dismissal for individuals who have been convicted of offenses requiring sex offender registration. 2002 Idaho Sess. Laws ch. 157, § 1.

The Idaho Supreme Court has held that the amendment to section 19-2604 retroactively applies to defendants who pled guilty prior to when the amendment took effect on July 1, 2006, and does not violate ex post facto laws. *State v. Forbes*, 152 Idaho 849, 275 P.3d 864 (2012); *State v. Hardwick*, 150 Idaho 580, 249 P.3d 379 (2011). The Court stated the Legislature intended the amendment to apply to offenders who had already been granted a withheld judgment, as is the case here. *Forbes*, 152 Idaho at 851, 275 P.2d at 866; *Hardwick*, 150 Idaho at 582-83, 249 P.3d at 381-82.

Although Cunningham concedes the law does not allow dismissal of his withheld judgment, he contends "the law should not apply to him because that was not the agreement he had with the State of Idaho when he entered into lawful probation contracts for several years with this State." As the State points out, Cunningham offers no basis for overruling controlling precedent and provides no legal authority supporting the proposition that his contract with the State entitles him to dismissal of the withheld judgment.

The district court correctly perceived the motion to dismiss the withheld judgment as one of discretion. More particularly, under the second prong of the abuse of discretion standard, the district court relied on Idaho Supreme Court precedent interpreting section 19-2604 in determining the bounds of the court's discretion. We find no abuse of discretion by the district court either in denying Cunningham's motion to dismiss his withheld judgment or in denying Cunningham's motion for reconsideration.

## III.

## CONCLUSION

We affirm the district court's orders denying Cunningham's motion to dismiss his withheld judgment and denying Cunningham's motion to reconsider.

Chief Judge GRATTON and Judge LANSING **CONCUR.**