**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 39646-2012**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Lewiston, April 2013 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2013 Opinion No. 54 |
| v. | ) | |
| | ) | Filed: April 25, 2013 |
| CHARLES EARL GUESS, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, in and for Latah County. The Hon. John R. Stegner, District Judge.

The order of the district court is affirmed.

Roderick C. Bond, Bellevue, Washington, argued for appellant.

Lori Anne Fleming, Deputy Attorney General, Boise, argued for respondent.

---

EISMANN, Justice.

This is an appeal out of Latah County from an order denying the defendant's motion to set aside his guilty plea to aggravated assault and dismiss the charge after he had successfully completed his five years of probation. He contends that the terms of his plea agreement entitled him to the relief he requested and, if it does not, that the court abused its discretion in denying the motion based upon the fear of the victim, his ex-wife. We affirm.

**I.**
**Factual Background.**

On April 26, 2006, during the pendency of divorce proceedings, Charles Earl Guess, his wife, and their respective attorneys agreed that Ms. Guess and her attorney would meet Mr. Guess at the parties' residence so that they could walk through the house and look in the vault with Mr. Guess present. When Ms. Guess and her attorney arrived at the house located near Moscow, they walked with Mr. Guess into the basement where the vault was located. Mr. Guess

allowed his wife and her attorney to walk into the vault first, and then he pulled out a semiautomatic pistol, pointed it at them, and stated that he was going to kill them. While holding the pistol in his right hand, he struck Ms. Guess twice in the face with his left fist. She and her attorney were ultimately able to talk Mr. Guess into putting the gun down. After Ms. Guess and her attorney were able to leave the house, they drove to Moscow to seek medical care for her and to contact the police.

The State charged Mr. Guess with two counts of aggravated assault, both felonies, and one count of battery, a misdemeanor. Ultimately, he and the State entered into a written plea agreement. The State agreed to file an amended information charging him with one count of aggravated assault alleged to have been committed against both victims, to which he would plead guilty. The State would recommend that he be sentenced to a withheld judgment and be placed on probation for no more than five years, and he could withdraw his guilty plea if the district court was unwilling to impose a sentence consistent with that recommendation. Mr. Guess pled guilty to the charge, and on August 31, 2006, the court imposed a sentence consistent with the written plea agreement, with the period of probation being five years.

On March 24, 2009, Mr. Guess filed a motion asking to be released from probation, to be permitted to withdraw his guilty plea, and to have the charge dismissed. In opposition to the motion, the State filed a letter from Ms. Guess in which she described the crime, stated that he had never apologized, and described the physical pain, flashbacks, and fear that she was still experiencing from the crime. After hearing arguments on the motion and reviewing the court file, the district court denied the motion without prejudice. On September 28, 2009, Mr. Guess filed a motion to be transferred to unsupervised probation, which the court granted on January 27, 2011.

On September 7, 2011, Mr. Guess filed another motion pursuant to Idaho Code section 19-2604(1) asking to withdraw his guilty plea and to have the charge dismissed. He supported the motion with his affidavit and fourteen letters of support. The motion was argued to the court, and Ms. Guess made a brief statement in which she said she was still in fear of Mr. Guess. The court again denied the motion without prejudice. It stated that while Mr. Guess had performed as well on probation as any defendant the court could remember, he had committed an abominable crime and Ms. Guess was still in fear.

On January 19, 2012, Mr. Guess filed a motion to enforce the plea agreement, contending that the agreement provided that he could withdraw his guilty plea and have the charge dismissed if he successfully completed his probation. In the alternative, he again asked for relief pursuant to Idaho Code section 19-2604(1). After hearing arguments of the parties, the district court denied the motion. Mr. Guess then timely appealed.

## II.
### Did the District Court Err in Holding that the Plea Agreement Did Not Require that Mr. Guess Was Entitled to Withdraw His Guilty Plea and Have the Charge Dismissed?

Mr. Guess contends that the terms of the plea agreement entitled him to withdraw his guilty plea and to have the charge dismissed if he successfully completed his period of probation. Neither the prosecutor nor the district court could agree to such a plea agreement, and neither of them did.

**a. A plea agreement cannot include a provision that the defendant is entitled to withdraw his or her plea of guilty and have the charge dismissed upon successful completion of probation.** A court does not have the inherent power to permit a defendant to withdraw his or her guilty plea and have the charge dismissed upon successful completion of probation. *State v. Funk*, 123 Idaho 967, 969, 855 P.2d 52, 54 (1993). The power of a court to permit a defendant to withdraw his or her guilty plea and have the charge dismissed is controlled by Idaho Code section 19-2604(1). When Mr. Guess and the prosecutor entered into the written plea agreement on June 16, 2006, the relevant portion of that statute provided:

> If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant . . . .

Ch. 305, § 1, 1989 Idaho Sess. Laws 759, 759.[1]

---

[1] The statute has since been amended, but none of the amendments altered the provisions applicable in this case.

In order for a defendant to be permitted to withdraw his or her guilty plea: (a) the defendant must have at all times complied with the terms and conditions of probation; (b) the court must be convinced, by the showing made, that there is no longer cause for continuing the period of probation; (c) the court must find that such relief is compatible with the public interest; and (d) the court, in its discretion, must decide to grant such relief.[2] Complying with the terms and conditions of probation is only one of the four requirements for obtaining relief under the statute. The prosecutor did not have the authority to enter into a plea agreement that would eliminate two of the three required findings that the district court must make when presented with a motion pursuant to section 19-2604 and that would eliminate the court's right to exercise its discretion in ruling on that motion. Likewise, the district court would not have had the authority to agree in advance that Mr. Guess could withdraw his guilty plea and have the charge dismissed if he complied with the terms and conditions of probation because the other required findings could only be made at the time the court was presented with the motion. Any such agreement would have been void. *Funk*, 123 Idaho at 969, 855 P.2d at 54 (when placing a defendant on probation, the sentencing court did not have the authority to promise that the defendant could withdraw his guilty plea upon successful completion of probation where such promise did not comply with section 19-2604(2), and such promise was unenforceable); *State v. Branson*, 128 Idaho 790, 793, 919 P.2d 319, 322 (1996) (granting a withheld judgment in violation of a statutory prohibition is an illegal sentence).

**b. Neither the prosecutor nor the district court agreed that Mr. Guess would be permitted to withdraw his guilty plea and have the charge dismissed if he complied with all of the terms and conditions of his probation.** The prosecutor and Mr. Guess entered into a written plea agreement. Plea agreements are essentially bilateral contracts between the prosecutor and the defendant. *State v. Gomez*, 153 Idaho 253, ___, 281 P.3d 90, 93 (2012). "If

---

[2] The statute stated that "the court may" grant the relief if the other specified conditions are met. "This Court has interpreted the meaning of the word 'may' appearing in legislation, as having the meaning or expressing the right to exercise discretion." *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995). Thus, in *State v. Hardwick*, 150 Idaho 580, 249 P.3d 379 (2011), this Court stated:

> The trial court *had the discretion* to [allow the defendant to withdraw his or her guilty plea and have the case dismissed] if Defendant had "at all times complied with the terms and conditions upon which he was placed on probation" and the trial court found that "there was no longer cause for continuing the period of probation" and doing so was "compatible with the public interest."

*Id*. at 581, 249 P.3d at 380 (emphasis added).

4

the language of the document is unambiguous, given its ordinary and well-understood meaning, we will not look beyond the four corners of the agreement to determine the intent of the parties." *Id*. at ___, 281 P.3d at 94. The written plea agreement is unambiguous. It does not contain any provision purporting to provide that Mr. Guess was entitled to the relief he requested if he successfully completed his probation. The material provisions of the plea agreement are as follows:

> 2. That the State and the Defendant agree that the appropriate disposition of this matter is as follows:
>> That the Defendant shall receive a Withheld Judgment and shall be placed on probation to the Idaho State Department of Corrections for a period of no more than five (5) years. Terms of the Defendant's probation shall include:
>>> A. That the Defendant shall pay a fine in the amount of $1,000.00;
>>> B. That the Defendant shall serve thirty (30) days local jail;
>
> 3. That any other terms of sentencing and conditions of probation, including (but not limited to) the length of probation and the amount of restitution, are not the subject of this agreement, and both parties are free to make what recommendations they believe to be appropriate.
> . . . .
> 6. This plea agreement is based upon the facts and circumstances as they exist at the date of the signing of this agreement. The defendant acknowledges, covenants and agrees that during the period of time between the date of this agreement and the date of sentencing, he will not violate any law nor fail to comply with any conditions of his release on bond or other conditions ordered by the Court, and shall cooperate fully with any presentence investigation ordered herein. Should the defendant in any way breach these agreements and covenants, the State is released from any obligations hereunder regarding an appropriate sentencing disposition, the Court may sentence the defendant up to the maximum authorized by law and the defendant shall not be afforded the opportunity to withdraw his plea of guilty. The defendant expressly agrees that the burden of proof for determining whether the defendant has breached any of said agreements or covenants shall be a preponderance of the evidence only.
> 7. This is the entire agreement and understanding between the parties.

There is nothing in the written plea agreement that addresses whether Mr. Guess would be entitled to relief under Idaho Code section 19-2604(1). During oral argument, Mr. Guess pointed to paragraph 6 of the agreement, but that says nothing about relief under section 19-2604. Paragraph 6 only applies to his conduct "during the period of time between the date of this agreement and the date of sentencing." It provides that if, during that period, he violates any law or fails to comply with the conditions of his release or other conditions ordered by the court, then

5

the district court could sentence him to the maximum permitted by law "and defendant shall not be afforded the opportunity to withdraw his plea of guilty." That obviously refers to an attempt to withdraw his guilty plea before sentencing because he had violated the law or the applicable conditions and the agreed-upon sentence was no longer applicable.

Mr. Guess argues that during the colloquy between him and the district court before he pled guilty, he expressed his belief that he would be entitled to have his guilty plea withdrawn if he complied with the terms of his probation and the prosecutor did not disagree. He contends that such silence resulted in a modification of the plea agreement.

Prior to accepting Mr. Guess's plea of guilty, the district court asked him questions to determine whether he was knowingly, intelligently, and voluntarily pleading guilty. During that dialogue, the court asked Mr. Guess whether he understood what a withheld judgment was. The dialogue was as follows:

> **The Court:** Do you know what a "withheld judgment" means?
> **Mr. Guess:** Yes.
> **The Court:** Why don't you explain to me what you're understanding is.
> **Mr. Guess:** Well, I mean that—I guess, I'd explain that—my understanding of the entire agreement is that I—that I am pleading guilty to this charge and that I will spend—my punishment will include 30 days in incarceration in the Latah County jail. I will pay a $1,000 fine. And I'm pleading guilty to one of the—one of the felony charges. I'll have a year period of probation, and if I fulfill the period of probation without any problems in that period of time, that the felony charges would—would be dropped.
> **Mr. Guess's Attorney:** Judge, if I might?
> **The Court:** Yes
> **Mr. Guess's Attorney:** I may have misunderstood my client. Or I thought—I understood him to say that he—he thought that he would have a year period of probation. And I—I now understand him to have said that he understands that he will have a period of probation and he knows that will be determined by the Court.
> **Mr. Guess:** Okay.
> **The Court:** Well, Mr. Guess, the—I think you understand what a withheld judgment means. It means that if you comply with your terms and conditions of probation that at the conclusion of the period of probation, which is for a period of no more than five years, according to the agreement, that you could come in and petition to have your guilty plea, which you tendered today, withdrawn and the charge against you dismissed. Do you understand that?
> **Mr. Guess:** I do, yes.

The court's statement as to what a withheld judgment means was accurate. If Mr. Guess complied with the terms and conditions of his probation, he could come in and petition to

6

withdraw his guilty plea and have the charge dismissed. Mr. Guess argues that after he stated what he thought a withheld judgment was, the district court said, "I think you understand what a withheld judgment means." Mr. Guess contends that this shows that the court agreed with his understanding. However, the court then correctly stated what a withheld judgment is and asked Mr. Guess whether he understood that, to which he replied, "I do, yes." In its statement, the court stated that Mr. Guess could *petition* to have his guilty plea set aside, not that he would be *entitled* to have it set aside. Because the court's statement was accurate, there was nothing to which the prosecutor should have objected. Therefore, the alleged failure to object cannot constitute an agreement to amend the written plea agreement. The colloquy does not show either an oral amendment of the written plea agreement or a promise by the district court to allow Mr. Guess to withdraw his plea of guilty and have the charge dismissed if he complied with all terms and conditions of his probation.

### III.
### Did The District Court's Refusal to Permit Mr. Guess to Withdraw His Guilty Plea Indefinitely Extend His Period of Probation or Violate Due Process?

The district court placed Mr. Guess on probation for a period of five years. He argues that by refusing to permit him to withdraw his plea of guilty and have the charge dismissed, the court has extended probation indefinitely beyond the maximum period set forth in the plea agreement. That argument is simply incorrect. A sentencing court cannot indefinitely withhold judgment in a criminal case. *Ex parte Grove*, 43 Idaho 775, 779, 254 P. 519, 520 (1927). Idaho Code section 19-2601(3) (Supp. 2012) states that a sentencing court may "[w]ithhold judgment on such terms and *for such time* as it may prescribe and may place the defendant on probation." (Emphasis added.) Here, the district court's order stated that "it is ORDERED THAT THE ENTRY OF JUDGMENT BE WITHHELD and that the defendant be placed on PROBATION to the Idaho State Board of Correction FOR A PERIOD OF FIVE (5) YEARS COMMENCING AUGUST 31, 2006." Thus, judgment was withheld and Mr. Guess was on probation for five years. His period of probation was not extended by the denial of his motion. Once Mr. Guess completed the five years of probation, his probation terminated.

Mr. Guess also argues that the failure to permit him to withdraw his plea of guilty and have the charge dismissed violates his right to due process because he was induced to plead guilty pursuant to the understanding that he would be permitted to withdraw his plea of guilty

7

and have the charge dismissed if he complied with the terms and conditions of probation. In support of his motion, he stated:

> Had I known before I executed the Rule 11 Plea Agreement that after I completed the terms and conditions required under the Rule 11 Plea Agreement and the Order Withholding Judgment that I would not have the right to set aside my guilty plea, have this action dismissed and have my civil rights restored, I would never had executed the Rule 11 Plea Agreement or pled guilty to any of the charges against me. I would have proceeded to trial.

The issue on appeal is not whether Mr. Guess should have been permitted to withdraw his plea of guilty on the ground that he did not knowingly or intelligently plead guilty. Likewise, it is not whether his attorney was ineffective in failing to properly advise him that the relief he now seeks could be denied even if he complied with all terms and conditions of his probation. The issue is whether the dialogue when he pled guilty modified the terms of the written plea agreement. It did not do so, nor could it have done so.

## IV.
## Did the District Court Abuse Its Discretion in Refusing to Grant Mr. Guess's Requested Relief?

As stated above, in order for a defendant to be permitted to withdraw his or her guilty plea: (a) the defendant must have at all times complied with the terms and conditions of probation; (b) the court must be convinced, by the showing made, that there is no longer cause for continuing the period of probation; (c) the court must find that such relief is compatible with the public interest; and (d) the court, in its discretion, must decide to grant such relief. In its written decision denying Mr. Guess's motion, the district court wrote that "the Court is convinced that there is no longer cause for continuing probation" and "Guess has fully complied with every court-imposed term and condition of his probation."[3]

---

[3] When Mr. Guess filed his motion on January 19, 2012, his five-year period of probation had already expired. The requirement that the court must find that there is no longer good cause for *continuing* probation would indicate that the motion must be made before the period of probation has expired. After Mr. Guess's probation had expired, the court lacked the power to continue his probation. The requirement that the court must find that there is no longer good cause for continuing probation would be meaningless unless the court had the power to have it continue. When construing a statute "[w]e must give effect to every word, clause and sentence of a statute, and the construction of a statute should be adopted which does not deprive provisions of the statute of their meaning." *Athay v. Stacey*, 142 Idaho 360, 365, 128 P.3d 897, 902 (2005).

In 1915, the Idaho legislature enacted a statute providing for a suspended sentence or a withheld judgment, except for specified crimes, if the defendant was under twenty-five years of age, was previously of good character,

and had never before been convicted of a felony. Ch. 104, § 1, 1915 Idaho Sess. Laws 244, 244-45. That statute included a provision stating:

> At the end of the longest period for which the defendant might have been originally sentenced by the court, if the defendant has abided by the terms and conditions of his probation, and the judgment of the court has not been executed an order shall be entered for the defendant's discharge.

*Id*. at 245. In 1918, the 1915 law was separated into seven separate statutes. Comp. Laws of Idaho §§ 7997 – 8003 (1918). The above-quoted provision of the 1915 law was codified as section 8002 and was entitled "Final discharge of parole." In 1919, section 8002 was amended, and it became the precursor of section 19-2604. The amendment added, among others, the provision that the case could be dismissed if the defendant complied with the terms and conditions of probation and there is no longer cause for continuing the period of probation. The statute as amended provided:

> After the expiration of a period of time equivalent to the minimum sentence imposed by the court, if sentence has been imposed but suspended, or equivalent to the minimum sentence prescribed by statute for the offense in qu[e]stion, if sentence has been withheld, upon application of the of the [sic] defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed upon probation, the court may, *if convinced by the showing made that there is no longer cause for continuing the period of probation*, finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and paroled by the court before this law goes into effect, as well as to cases which arise thereafter. In any event at the end of the longest period for which the defendant might have been originally sentenced by the court, if the defendant has abided by the terms and conditions of his probation, and the judgment of the court has not been executed, an order shall be entered for the defendant's discharge. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

Ch. 134, § 2, 1919 Idaho Sess. Laws 428, 429. (Emphasis added). The statute did not require that the defendant complete the term of probation in order to have the charge dismissed, unless the term of probation was shorter than the minimum sentence prescribed by statute for the crime. In 1948, the statute was codified as Idaho Code section 19-2604. In 1951, it was amended to delete the time restrictions for seeking relief under it and to add the requirement that relief be compatible with the public interest. The amendment also deleted the provision that the defendant could obtain a "discharge" at the end of the longest period for which he or she might have been originally sentenced by the court. As amended, section 19-2604 provided as follows:

> If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, either upon motion of the prosecuting attorney or of its own motion, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and paroled by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

Ch. 99, § 1, 1951 Idaho Sess. Laws 224, 224. In 1970, the legislature removed the requirement that the motion for relief under the statute had to be on motion of the prosecuting attorney or the court's own motion. Ch. 143, § 4, 1970 Idaho Sess. Laws 425, 429-30.

The issue of whether relief under the statute is available after the period of probation has expired has never been raised to us, and therefore we have not addressed the issue. Neither party has raised it in this case, and so we do not address it here. We note that this year the legislature amended section 19-2604 to expressly provide for relief

9

The court then combined its discussion of whether the relief was compatible with the public interest and whether the court would exercise its discretion to grant the relief. In the section of its opinion addressing whether the requested relief would be incompatible with the public interest, the court stated, "The statute therefore authorizes the court to grant relief where: (1) the defendant had no adjudicated probation violation and (2) it is compatible with the public interest. The decision of whether to grant relief pursuant to I.C. § 19-2604(1) is a matter within the sound discretion of the district court."

The requested relief need not advance or promote the public interest in order for it to be compatible with the public interest. It just cannot be contrary to or inconsistent with the public interest. In addition, the focus must be on the public interest, not upon a private interest. *State v. Dieter*, 153 Idaho 730, ___, 291 P.3d 413, 417-18 (2012).

In addressing the issue of the public interest, the court noted that Ms. Guess still fears Mr. Guess. The court then stated: "The determination that Guess should be granted relief under I.C. § 19-2604(1) is not entirely dependent on [Ms. Guess's] acquiescence. . . . Nonetheless, this Court is unwilling to disregard her fear of the Defendant and her objection to him being granted relief pursuant to I.C. § 19-2604(1), at this time." The court did not discuss a public interest. However, its statement that it was unwilling to disregard Ms. Guess's fear at this time indicates that the court's decision was ultimately based upon the exercise of its discretion.

"A trial court does not abuse its discretion if it (1) recognizes the issue as one of discretion, (2) acts within the boundaries of its discretion and applies the applicable legal standards, and (3) reaches the decision through an exercise of reason." *Johannsen v. Utterbeck*, 146 Idaho 423, 429, 196 P.3d 341, 347 (2008). In this case, the district court recognized that it had discretion as to whether or not to grant Mr. Guess his requested relief. The court acted within the boundaries of that discretion. Although there are applicable legal standards that must be met before the relief could be granted, a defendant is not entitled to the relief even if those standards are met. When those standards are met, the court still has the discretion to deny the relief. In her earlier victim statement, Ms. Guess linked her fear, in part, to Mr. Guess regaining the right to lawfully possess firearms. In taking into account the victim's continued fear, the

---

after the period of probation has expired, although the relief granted is only the reduction of a felony to a misdemeanor. Ch. 256, § 1, Senate Bill No. 1151 (effective July 1, 2013).

10

court reached its decision through an exercise of reason. Mr. Guess has failed to show that the district court abused its discretion in denying the motion to permit him to withdraw his plea of guilty and have the charge dismissed.

## V.
## Conclusion.

We affirm the order of the district court.


Chief Justice BURDICK, and Justices J. JONES, W. JONES and HORTON **CONCUR.**