**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42154**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 596** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 25, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SAMANTHA JO KARSTEN, a/k/a** | ) | **THIS IS AN UNPUBLISHED** |
| **SAMANTHA JO SISTRUNK,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

District court's order reducing felony conviction to misdemeanor, <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Samantha Jo Karsten appeals from the district court's order reducing her felony conviction to a misdemeanor conviction. Karsten contends that the district court should have set aside her guilty plea and dismissed her judgment of conviction. We remand for further consideration by the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Karsten pled guilty to aiding and abetting aggravated assault. Idaho Code §§ 18-6501, 18-6502, 18-204. The district court imposed a unified sentence of five years with three years determinate, suspended the sentence, and placed Karsten on probation for a period of three years. Over five years after being placed on probation, Karsten filed a motion pursuant to I.C. § 19-2604(1), requesting that the court set aside her guilty plea and dismiss her judgment of

1

conviction. The State asserted that since her probation had expired before she filed the motion, the district court only had authority to reduce her felony conviction to a misdemeanor, pursuant to I.C. § 19-2604(3). The district court agreed and upon the stipulation of the State, reduced Karsten's felony conviction to a misdemeanor. Karsten timely appealed.

## II.

## ANALYSIS

Karsten claims the district court erred in holding that it did not have authority, under I.C. § 19-2604(1), to set aside her guilty plea and dismiss her judgment of conviction on the ground that the statute required such a motion prior to the expiration of the period of probation. The State contends that the district court was correct, but further asserts that the issue is moot because after the district court's decision, the legislature changed the requirement. The district court expressly left open to Karsten the opportunity to again ask for dismissal if the appellate courts disagreed with its earlier determination or the legislature amended the statute.

The version of Idaho Code § 19-2604(1) in effect when the district court ruled stated:

> (1) If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that:
> > (a) The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation; or
> > (b) The defendant has successfully completed and graduated from an authorized drug court program or mental health court program and during any period of probation that may have been served following such graduation, the court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of probation;
> the court may, <u>if convinced by the showing made that there is no longer cause of continuing the period of probation,</u> **and** <u>if it be compatible with the public interest,</u> terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant or may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a misdemeanor conviction. This shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant his civil rights.

I.C. § 19-2604(1) (emphasis added).

2

The district court determined that it did not have authority to dismiss the judgment of conviction based upon language in a footnote in *State v. Guess*, 154 Idaho 521, 300 P.3d 53 (2013) wherein, in discussing I.C. § 19-2604(1), the Court stated, in part:

> When Mr. Guess filed his motion on January 19, 2012, his five-year period of probation had already expired. The requirement that the court must find that there is no longer good cause for *continuing* probation would indicate that the motion must be made before the period of probation has expired. After Mr. Guess's probation had expired, the court lacked the power to continue his probation. The requirement that the court must find that there is no longer good cause for continuing probation would be meaningless unless the court had the power to have it continue.

*Guess*, 154 Idaho at 527 n.3, 300 P.3d at 59 n.3. The district court, while indicating that the language in the footnote was dicta, felt bound thereby and declined to hold that it could dismiss the judgment of conviction.[1]

In holding that it lacked authority to grant the requested relief, the district court expressed its frustration with the statute as interpreted by Guess and implored Karsten to appeal in order to get more clarification. In its written order, the district court stated:

> Should the opinion of the court be overturned by subsequent appellate court decision or action of the Idaho Legislature, the defendant shall be allowed to motion the court for relief other than reduction of the charge to a misdemeanor without being prejudiced by the fact that the court granted partial relief through this order.

Effective July 2015, the legislature amended the statute to provide, in relevant part:

> the court, if convinced by the showing made that there is no longer cause for continuing the period of probation should the defendant be on probation at the time of the application, and that there is good cause for granting the requested relief, may terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant . . . .

Thus, the legislature has provided the clarification. The determination of whether there is no longer cause for continuing the period of probation is limited to those situations where the

---

[1] We note that much later in the same footnote the Supreme Court stated: "The issue of whether relief under the statute is available after the period of probation has expired has never been raised to us, and therefore we have not addressed the issue. Neither party has raised it in this case, and so we do not address it here." *State v. Guess*, 154 Idaho 521, 528 n.3, 300 P.3d 53, 60 n.3 (2013). However, the Court noted that in 2013 the statute had been amended to allow the reduction of a felony to a misdemeanor when probation had expired.

defendant requesting relief under I.C. § 19-2604(1) is still on probation. Otherwise, where probation has expired, the determination is simply whether there is good cause for granting the requested relief. As noted, the State contends that the issue presented by Karsten is moot, as the legislature amended the statute and the district court expressly invited her to again move for dismissal of her judgment of conviction.

## III.

## CONCLUSION

Due to the unique circumstances of this case, we need not determine whether the relief which Karsten requested was available under the prior version of the statute. Instead, we remand to the district court to consider Karsten's motion under the amended statute.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.